IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JENNIFER LYNN VANCLEAVE and KATHRYN ANN BOWLDS,  §§§§§<br><br>Plaintiffs,  §§§<br><br>v.  §§§<br><br>BRYAN EDWARD LINQUIST and XPO LOGISTICS FREIGHT INC.,  §§§§<br><br>Defendants.  § | Civil Action No. 4:23-cv-797-KPJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Bryan Edward Linquist ("Linquist") and XPO Logistics Freight Inc.'s ("XPO") (collectively, "Defendants") Motion for Physical Examination (the "Motion") (Dkt. 41), wherein Defendants seek a Court order requiring Plaintiff Kathryn Ann Bowlds ("Bowlds") to submit to a physical examination. *See* Dkt. 41 at 1. Defendants represent that the parties "have conferred on the examination, and submit an agreed, proposed order" (the "Agreed Order") (Dkt. 41-1). *Id.* For the reasons that follow, the Motion (Dkt. 41) is **GRANTED**.[1]

Under Rule 35 of the Federal Rules of Civil Procedure, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). The moving party must demonstrate "good cause" for the examination and provide "notice to all parties and the person to be examined." FED. R. CIV. P. 35(a)(2)(A). If these requirements are met, a court may order the

---

[1] Generally, "physical and mental examinations . . . [are] arranged by stipulation of the attorneys, with [Rule 35] standing as a compulsory sanction that helps to produce stipulations." 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2234 (3d ed. 2023). While the parties have reached an agreement here, Defendants seek a Court order memorializing that agreement.

1

examination. That order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2)(B).

### A.    Condition in Controversy

Defendants assert that Bowlds's "condition is in controversy" because "she seeks recovery for future medical expenses [and] for future medical treatment, among other personal injury damages alleged to have been suffered in the past and future, related to the motor vehicle accident and the alleged negligence of . . . Defendants." Dkt. 41 at 2. The Court agrees. "A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy . . . ." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (internal citation omitted). In other words, where the alleged condition supports the claim for relief, the party's condition is "in controversy." *See id.* In the present case, Bowlds alleges that Defendants' negligence caused a motor vehicle accident resulting in significant medical expenses, pain and suffering, physical impairments and disfigurement, lost wages and earning capacity, mental anguish, as well as loss of consortium and household services. *See* Dkt. 6 at 3–9. Thus, Bowlds's condition is quite clearly in controversy. *See, e.g.*, *McCormick v. Payne*, No. 15-cv-809, 2016 WL 3124624, at *2 (E.D. Tex. June 3, 2016).

### B.    Good Cause

Defendants contend that good cause exists for the physical examination of Bowlds "because Plaintiffs have plead numerous physical injuries as a result of the collision and have designated multiple medical experts to testify at trial." Dkt. 41 at 2. The Court agrees that good cause exists. "A plaintiff in a negligence action who asserts mental or physical injury . . . provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf*, 379 U.S. at 119 (internal citation omitted). As discussed above,

Bowlds alleges that Defendants' negligence resulted in myriad physical injuries. *See* Dkt. 6 at 3–9. That alone provides good cause for the examination.

**C.     Other Requirements**

After careful review of the Agreed Order (Dkt. 41-1), the Court finds that its contents sufficiently specify the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2)(B). The Court further finds that Dr. Charles J. Banta ("Dr. Banta"), whom the parties have agreed will conduct the physical examination of Bowlds, Dkt. 41-1 at 1, is a "suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). Indeed, Dr. Banta is "a board-certified orthopedic surgeon," Dkt. 41-1 at 1, which is plainly suitable based on the facts of this case.[2]

## CONCLUSION

For the foregoing reasons, the Motion (Dkt. 41) is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Bowlds shall appear for a physical examination conducted by Dr. Banta on May 16, 2024 at 11:30 a.m. This examination shall be conducted at Texas Health Dallas, located at 8230 Walnut Hill Lane, Suite 512, Dallas, Texas 75231.

**IT IS FURTHER ORDERED** that the examination shall be conducted subject to the following conditions:

- Bowlds shall not be required to complete any type of questionnaire or form (or execute any documents) before, during, or after the examination;

- Dr. Banta shall not request Bowlds to affirm, confirm, or verify the accuracy of any dictation, notes, and/or journal entries made in medical records;

---

[2] The proposed examiner's suitability turns on whether "the proposed examination and testimony calls for an expertise that the proposed examiner does not have." WRIGHT & MILLER, *supra* note 1, § 2234.2. Based on Bowlds's alleged injuries, an orthopedic surgeon (specializing in the treatment of the musculoskeletal system), like Dr. Banta, is suitable.

- Dr. Banta shall not request Bowlds to affirm, confirm, or verify the accuracy of any diagnoses, impressions, tests, or conclusions by her healthcare providers;

- Dr. Banta shall not question Bowlds about discussions with the police officers, witnesses, attorneys, when and why she hired an attorney, prior collisions, or injuries not involving the same body parts in issue in this case;

- The examination shall be limited to a standard, routine physical examination, and the examination shall last no more than four (4) hours;

- No patient-physician relationship is created by the examination;

- No attorney or other representative shall be in the exam room;

- The examination will address Bowlds's medical condition, specifically the condition of her spine, which is at issue in this lawsuit;

- Dr. Banta shall not perform any invasive or physically painful testing or procedures in the examination of Bowlds;

- Dr. Banta shall not order further testing of Bowlds;

- Dr. Banta's report shall be produced on or before thirty (30) days after the date of the examination, and a copy shall be furnished to Bowlds and her counsel;

- Defendants shall pay Bowlds's reasonable travel expenses upon receipt of documentation of any such expenses related to local travel for the attendance of the examination.

**So ORDERED and SIGNED this 13th day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE