IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN VANCLEAVE and KATHRYN ANN BOWLDS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:23-cv-797-KPJ |
| BRYAN EDWARD LINQUIST and XPO LOGISTICS FREIGHT INC., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

On February 14, 2024, Plaintiffs Jennifer Lynn Vancleave ("Vancleave") and Kathryn Ann Bowlds ("Bowlds") (collectively, "Plaintiffs") filed the Objections to and Motion to Quash Defendants' Depositions upon Written Questions and Motion for Protective Order (the "Motion to Quash") (Dkt. 27), to which Defendants Bryan Edward Linquist ("Linquist") and XPO Logistics Freight Inc. ("XPO") (collectively, "Defendants") filed a response. On March 25, 2024, the Court ordered the parties to submit a joint letter brief detailing the remaining discovery issues related to the Motion to Quash (Dkt. 27), as well as several other discovery issues pending before the Court. *See* Dkt. 33 at 2. On March 28, 2024, the parties submitted the Joint Letter Brief (Dkt. 34), which substantially narrowed the issues remaining in dispute. *See* Dkt. 34. On April 22, 2024, the Court held a hearing regarding these issues. *See* Minute Entry for April 22, 2024.

In the Joint Letter Brief (Dkt. 34), Plaintiffs request that the Court quash a subpoena duces tecum (the "Subpoena") served by Defendants on third party Deposition Solutions, LLC ("Deposition Solutions"). *See* Dkt. 34 at 3. The Subpoena requests: "All deposition transcripts involving Dr. Frank Fichtel being the witness for Thomas J. Henry Law." Dkt. 26-1 at 11.

1

Plaintiffs argue that the production of these transcripts would reveal "confidential" and "privileged" information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). Dkt. 34 at 3. Plaintiffs further argue that these transcripts are "not relevant at all." *Id.*

At the hearing, the Court inquired regarding Plaintiffs' standing to challenge the Subpoena on behalf of Deposition Solutions. In response, Plaintiffs provided a citation to case law in support of their position. *See Marchlewicz v. Bros. Xpress, Inc.*, No. 19-cv-996, 2021 WL 397398 (W.D. Tex. Feb. 4, 2021). Upon the Court's inquiry, Defendants could not provide supporting authority for their position, but they indicated a willingness to do so. The Court also inquired whether the parties were amenable to a protective order to ameliorate any concerns related to the disclosure of confidential medical information. The parties agreed that a protective order was warranted. Finally, the Court inquired regarding the number of depositions given by Dr. Fichtel over the last five years[1] in cases where Thomas J. Henry Law represented the plaintiff. Neither party knew the answer to the Court's question. Thus, even if Plaintiffs had standing to quash the Subpoena, the Court lacked the information necessary to determine whether the discovery sought by the Subpoena is proportional to the needs of this case. Based on the foregoing issues, the Court ordered the parties to file a joint supplemental brief. *See* Dkt. 38 at 3–4.

On April 29, 2024, the parties filed the Agreed Motion for Protective Order (Dkt. 39), wherein they attached a proposed protective order with agreed upon language. *See* Dkt. 39-1. That same day, the parties filed the Joint Supplemental Brief (Dkt. 40), wherein Defendants argue "that Plaintiffs do not have standing to challenge the [S]ubpoena served on . . . Deposition Solutions."

---

[1] At the hearing, Defendants represented that the Subpoena was limited in scope to the prior five years. The Court finds no such limiting language in the Subpoena.

Dkt. 40 at 2.[2] Besides providing a citation to case law at the hearing, Plaintiffs assert no additional argument regarding their standing to quash the Subpoena. On May 3, 2024, the Court entered the Protective Order (Dkt. 43) containing the parties' agreed upon language. *See* Dkt. 43.

## **STANDING**

"Absent possession of the documents at issue or a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party." *E.g.*, *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 500 (E.D. La. 2023) (citations omitted). A "personal right or privilege" is "generally found . . . when the party had an evidentiary privilege as to the documents." *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 785 (S.D. Tex. 2005) (collecting cases).

Plaintiffs raise three bases for quashing the Subpoena. First, Plaintiffs argue that some of the deposition transcripts sought by the Subpoena are subject to protective orders issued in other cases. *See* Dkts. 27 at 2; 34 at 3. Second, Plaintiffs contend that the deposition transcripts sought by the Subpoena are not relevant to any claim or defense and, thus, are not discoverable. *See* Dkts. 27 at 4–5; 34 at 3. Third, Plaintiffs argue that discovery of the deposition transcripts would violate HIPAA and the privacy rights of patients in other, unrelated cases. *See* Dkts. 27 at 3; 34 at 3. The Court considers each of these arguments in turn.

Plaintiffs first argue that some of the deposition transcripts sought by the Subpoena are subject to protective orders preventing their disclosure. *See* Dkt. 34 at 3. Indeed, Plaintiffs represent that protective orders have been issued in fourteen cases where Dr. Fichtel was deposed, and Thomas J. Henry Law was the plaintiff's counsel. *See* Dkt. 40 at 1. However, Plaintiffs have

---

[2] Defendants also argue that this issue is now moot because they propounded the same discovery requests to Plaintiffs. *See* Dkt. 40 at 2. While this may be true, it is unclear why a duplicative request necessarily renders the Subpoena moot. Furthermore, Defendants do not represent that they rescinded or withdrew the Subpoena. Thus, the Court considers this issue to be ripe for a decision.

not provided these protective orders to the Court, precluding the determination of whether, or to what extent, the Subpoena should be quashed or modified on this basis. In any event, it is unclear how Plaintiffs, who are strangers to these cases, have a "personal right or privilege with respect the subpoenaed materials." *See La. Corral Mgmt., LLC*, 650 F. Supp. 3d at 500. Furthermore, the entity potentially subject to these protective orders—Deposition Solutions—objected on this very basis and declined to produce any deposition transcripts as a result. *See* Dkt. 34-1 at 3 ("The requested documents are potentially covered by any number of privately negotiated protective orders entered into by other parties in other cases, some of which may impose notice requirements on [Deposition Solutions]."). For these reasons, Plaintiffs lack standing to quash the Subpoena on the grounds that the production of the deposition transcripts would violate the protective orders in other cases.

Next, Plaintiffs argue that the deposition transcripts sought by the Subpoena are not relevant and, therefore, not discoverable. *See* Dkts. 27 at 4–5; 34 at 3. "A party generally 'cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *La. Corral Mgmt.*, 650 F. Supp. 3d at 500 (omission in original) (quoting *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020)); *see Donaldson v. Crisp*, No. 22-cv-111, 2023 WL 6201372, at *5 (E.D. Tex. Sept. 21, 2023) (collecting cases). Nevertheless, Plaintiffs repeatedly raise the issue of relevancy in their briefing, *see* Dkts. 27 at 4–5; 34 at 3, and at the hearing. *See, e.g.*, Minute Entry for April 22, 2024 ("Again your honor, our position is first, . . . the requested information is not relevant; it's not related to any of the . . . Plaintiffs in this case."). Even assuming *arguendo* that the deposition transcripts are irrelevant, Plaintiffs lack standing to

4

make any such challenge. Because the Subpoena is not directed to Plaintiffs, they lack standing to make a number of objections, including that the Subpoena is "overbroad, irrelevant, or unduly burdensome." *See Donaldson*, 2023 WL 6201372, at *5 (quoting *Dean v. Tyson Foods*, No. 21-cv-5, 2022 WL 20112617, at *3 (E.D. Tex. Sept. 26, 2022)). Thus, Plaintiffs lack standing to quash the Subpoena on the grounds that it seeks irrelevant information.

Finally, Plaintiffs argue that discovery of the deposition transcripts would violate HIPAA and the privacy rights of patients in a number of unrelated cases. *See* Dkts. 27 at 3; 34 at 3. Similar to relevancy, "[a] party challenging a subpoena issued to a non-party may not object on the grounds that it violates another person's privacy rights." *Deitz v. Performance Food Grp., Inc.*, No. 20-cv-153, 2021 WL 2715974, at *1 (W.D. Tex. Apr. 21, 2021) (cleaned up) (quoting *River House Partners, LLC v. Grandbridge Real Est. Cap. LLC*. No. 15-58, 2016 WL 3747613, at *3 (M.D. La. July 11, 2016)). At the hearing, Defendants represented that they have no interest in the confidential medical history contained in the deposition transcripts and, as such, are willing to receive redacted copies. Furthermore, since the hearing, the parties requested (and the Court entered) the Protective Order (Dkt. 43), which ameliorated many of Plaintiffs' concerns. *Cf. id.* at *3–*4 (ordering the parties to confer on a proposed protective order because the "case may involve sensitive medical data"). In any event, Plaintiffs lack standing to lodge these objections in the first instance. That is, Plaintiffs cannot challenge the Subpoena issued to Deposition Solutions "on the grounds that it violates another person's privacy rights." *Id.* at *1 (cleaned up). Plaintiffs have no relationship to these cases, nor do they have any interest in protecting the confidential medical records of extraneous third parties. Thus, Plaintiffs lack standing to quash the Subpoena on the grounds that it requests confidential medical information of other, unrelated persons.

In support of their contrary position, Plaintiffs rely upon *Marchlewicz*, 2021 WL 397398. In that case, one of the defendants issued a subpoena duces tecum to a third-party, seeking deposition transcripts from the plaintiff's counsel's retained physician. *Id.* at *1. Thereafter, the plaintiff moved to quash the subpoena. *Id.* Recognizing that "parties have only limited standing to move to quash subpoenas on behalf of non-parties," the court issued a protective order. *See id.* at *2. Insofar as *Marchlewicz* stands for the proposition that parties have "limited standing" to quash a subpoena issued to a third party, the Court agrees. However, as the Court has already issued the Protective Order (Dkt. 43) in this case, it need not issue another today.[3] Thus, nothing in *Marchlewicz* impacts the foregoing analysis.

Although the Court does not reach the merits of these issues, it notes that, to the extent any issues remain, a proper party may raise them. Indeed, in declining to produce the deposition transcripts of Dr. Fichtel, Deposition Solutions lodged a number of objections similar to those raised by Plaintiffs. *See* Dkt. 34-1 at 3–5. However, Defendants have not contacted the Court's chambers regarding the filing of a motion to compel, and Deposition Solutions has not moved to quash the Subpoena. Until that time, the Court need not issue a substantive ruling.

## CONCLUSION

For the foregoing reasons, the Motion to Quash (Dkt. 27) is hereby **DENIED**.

**So ORDERED and SIGNED this 14th day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[3] While a party may lack standing to quash a subpoena, it maintains standing to seek a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. *See La. Corral Mgmt., LLC*, 650 F. Supp. 3d at 501. In fashioning a protective order, the Court may outright forbid the "disclosure or discovery" at issue. *See* FED. R. CIV. P. 26(c)(1)(A). However, in light of the Protective Order (Dkt. 43) currently in place, which was requested by the parties Agreed Motion for Protective Order (Dkt. 39), the Court declines to take any such action.