IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN VANCLEAVE and KATHRYN ANN BOWLDS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:23-cv-797-KPJ |
| BRYAN EDWARD LINQUIST and XPO LOGISTICS FREIGHT INC., | § § § § | |
| Defendants. | § § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Non-Party Armina Healthcare, LLC's ("Armina") Motion to Quash and Motion for Protective Order (the "Motion to Quash") (Dkt. 61), to which Defendants Bryan Edward Linquist ("Mr. Linquist") and XPO Logistics Freight Inc. ("XPO") (collectively, "Defendants") filed a response (the "Response") (Dkt. 64), and Armina filed a reply (the "Reply") (Dkt. 65). Upon consideration, the Motion to Quash (Dkt. 61) is **GRANTED IN PART** and **DENIED IN PART**.

I.   BACKGROUND

This is a personal injury case arising from a serious motor vehicle accident involving Plaintiffs Jennifer Lynn Vancleave ("Ms. Vancleave") and Kathryn Ann Bowlds ("Ms. Bowlds"). *See* Dkt. 1. On June 28, 2024, Armina filed the Motion to Quash (Dkt. 61), wherein Armina asks the Court to quash a subpoena duces tecum (the "Subpoena") it received from Defendants. *See* Dkt. 61. Armina represents that it is "not a medical provider" and, instead, "is a medical office solution that provides outsourced non-medical back-office staffing, including non-medical retained staffing, for small medical practices." *Id.* at 2. According to Armina, Plaintiffs "may have

1

received treatment at one of the medical clinics receiving back-office staffing services from Armina." *Id.* Based on this connection, Defendants served Armina with the Subpoena, which commanded it to "testify on **46 different topics** and to produce **43 different and unlimited categories of documents**." *Id.* (emphasis in original). Accordingly, Armina seeks to quash the Subpoena on the grounds that it "imposes a significant and undue burden . . . , seeks privileged, confidential, and proprietary information and documents, is otherwise objectionable on many grounds, and far exceeds the scope of permissible discovery." *Id.* at 3.

In the Response (Dkt. 64), Defendants argue that Armina has "discoverable information regarding the reasonableness of medical expenses, the necessity of Plaintiffs' medical treatment, and the bias of medical providers that goes to the heart of Defendants' case." Dkt. 64 at 1 (cleaned up). In support thereof, Defendants explain that there is a "symbiotic relationship" between "personal injury attorneys" and "medical providers," who each have an interest in maximizing the cost of treatment. *Id.* at 3. According to Defendants, Texas case law indicates that, due to this symbiotic relationship, the "billing practices" of medical providers are highly relevant to the reasonableness of the medical expenses incurred by the client. *Id.* Thus, if the billing is outsourced to a third party, like Armina, Defendants argue that they are entitled to obtain those records directly from the entity in possession, custody, or control of them. *See id.* at 8–9. In further support of the inference that Armina maintains custody of relevant information relating to Plaintiffs' medical providers' "billing practices," Defendants point to a series of connections between Armina and personal injury litigation, including some job postings discussing the settlement of personal injury accounts, as well as a marital connection between the president of Armina and the owner of a medical practice that treated Plaintiffs. *See id.* at 6–8.

In the Reply (Dkt. 65), Armina argues that the healthcare providers themselves—not Armina—are the appropriate recipients of the Subpoena. *See* Dkt. 65 at 1–2.[1] Furthermore, Armina argues that the information sought by the Subpoena is wholly irrelevant, even in light of the Texas case law cited by Defendants. *See id.* at 3–5. Specifically, Armina argues that *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128 (Tex. 2018) and *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239 (Tex. 2021), the primary cases cited by Defendants, relate only to "healthcare providers" and "written discovery." Dkt. 65 at 3–4. Likewise, Armina argues that this case law establishes the relevancy of healthcare providers' "negotiated rates" with "private insurers and public payers" rather than medical providers' "billing practices" more broadly. *Id.* at 4–5.

On August 8, 2024, the Court held a hearing on the Motion to Quash (Dkt. 61). At the hearing, Armina renewed its argument that the Subpoena exceeds the permissible scope of discovery; that is, the Subpoena seeks irrelevant, non-discoverable information. *See* Minute Entry for August 8, 2024. Furthermore, Armina asserts that, given the breadth of the Subpoena, it clearly imposes an undue burden on a non-party, like Armina, who is not a medical provider and, thus, did not provide medical services to Plaintiffs. *See id.* In response, Defendants argued that "Armina is clearly assisting in the recovery, or the expenses, or the billing practices of [the] . . . medical providers" and should be required to comply with the Subpoena. *Id.*

## II.  LEGAL ANALYSIS

"Generally, a party may obtain discovery from a non-party by serving the non-party with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Grant v. CRST Expedited, Inc.*, No. 18-cv-433, 2020 WL 9720537, at *2 (E.D. Tex. May 18, 2020). However, a court must quash

---

[1] While Armina is not a party to this action, "once subject to a subpoena," it has the obligation to "participate in transparent and collaborative discovery." *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015) (quoting *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-630, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013)).

3

or modify a subpoena if it "subjects a person to an undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). "To determine whether a subpoena presents an undue burden, this court weighs the following factors: (1) the relevance of the information requested; (2) the need of the party for the [information]; (3) the breadth of the . . . request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested [information]; and (6) the burden imposed." *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (cleaned up) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). Furthermore, "where a subpoena requests information from a nonparty, as it does here, the court must be sensitive to the nonparty's compliance costs." *Id.* (citing *Wiwa*, 392 F.3d at 818). Four of these factors are particularly relevant to the present dispute.

*First*, as stated on the record, most of the information sought by the Subpoena is simply not relevant; that is, it has no bearing on any claim or defense asserted in this lawsuit. *See* FED. R. CIV. P. 26(b)(1). While Defendants contend that Plaintiffs' medical providers' "billing practices" are relevant, *see* Dkt. 64 at 3–5, 8, 10–11, the cases cited by Defendants support a far narrower proposition. Specifically, both cases cited by Defendants hold that "the negotiated rates a medical provider charged to patients' private insurers and public-entity payors were relevant and discoverable on the issue of the reasonableness of the 'full' rates the provider charged to an uninsured patient for the same services." *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 244 (citing *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d at 129). The Court agrees that this information is relevant, yet the Subpoena is far broader and requests additional information with tangential relevance to this lawsuit. *See* Dkt. 61-2. For example, Defendants seek a nearly complete corporate autopsy of Armina, as well as any related entities. *See id.* It is patently unclear

4

why this information is relevant to any claim or defense asserted in this matter. For these reasons, this factor suggests that the Subpoena imposes an undue burden on Armina.

*Second*, Defendants have not demonstrated the need for the information requested. At the hearing, Defendants indicated that they issued subpoenas directly to Plaintiffs' medical providers, each of whom undoubtedly have possession, custody, or control of the documents relevant to this lawsuit. *See* Minute Entry for August 8, 2024. According to Defendants, Plaintiffs' medical providers responded to the subpoenas and furnished the information requested in all but one circumstance. *See id.* Furthermore, even in that one instance, Dr. Frank Fichtel ("Dr. Fichtel"), one of Plaintiffs' medical providers, indicated that he did not handle billing and, thus, could not provide the requested information. *Id.* However, as Defendants conceded at the hearing, Dr. Fichtel stated that his "assistant" handled his billing—not Armina. *Id.* In other words, Defendants have already obtained (or, at the minimum, could have obtained) the ***relevant*** information regarding Plaintiffs' medical providers' "billing practices" from the medical providers themselves. Thus, the "duplicative" and "cumulative" nature of the Subpoena militates against a finding that Defendants need the information requested. *See, e.g.*, *Alexander v. Martin*, No. 08-cv-400, 2009 WL 10677684, at *2 (E.D. Tex. Nov. 2, 2009).

*Third*, as the Court repeatedly emphasized at the hearing, the Subpoena itself is overly broad and not tailored to the relevant information sought by Defendants. *See* Minute Entry for August 8, 2024; *see also Chinitz v. Realogy Holdings Corp.*, No. 20-mc-984, 2020 WL 6265083, at *3 (W.D. Tex. Oct. 22, 2020). Accordingly, for the reasons stated on the record, this factor suggests that the Subpoena is unduly burdensome.

*Fourth*, the Court notes that the burden imposed by the Subpoena is not insignificant. Specifically, the Subpoena does not simply request the production of forty-three categories of

5

documents, but it also compels Armina to appear for a deposition covering forty-six topics. *See* Dkt. 61-2. The Court agrees with Armina that "[a]ny marginal relevance of the extensive deposition testimony and documents sought by Defendant[s] from a non-party, non-medical provider witness . . . is vasty outweighed by the undue burden that would be imposed on Armina." Dkt. 61 at 12; *see also Leonard*, 38 F.4th at 490 (concluding this factor indicated the subpoena was unduly burdensome where the burden imposed by complying with the subpoena was "disproportionate" to any potential value). This finding is bolstered by the fact that Armina is not a party to this litigation and, thus, the Court must consider the "expense and inconvenience" which would be imposed if Armina was compelled to comply with the Subpoena. *See Wiwa*, 392 F.3d at 818. Based on the foregoing analysis, the Court concludes that the Subpoena subjects Armina to an undue burden.

"Under Rule 45, a court must modify or quash a subpoena that subjects a person to an undue burden." *Leonard*, 38 F.4th at 489 (citing FED. R. CIV. P. 45(d)(3)(A)(iv)). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818. In the present case, the Subpoena seeks some relevant information regarding Plaintiffs' medical providers' negotiated rates. *See* Dkt. 61-2 at 27. Given the preference for modification, and out of an abundance of caution, the Court will not quash the Subpoena in its entirety. Instead, the Court will limit the Subpoena to relevant written discovery and quash the Subpoena in all other respects. Specifically, the Subpoena is quashed except to the extent Armina maintains possession, custody, or control of any negotiated rates between Plaintiffs' medical providers and private insurers and public-entity payers for the services provided to Plaintiffs during the relevant and agreed upon time period.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the Motion to Quash (Dkt. 61) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion to Quash (Dkt. 61) is **GRANTED** insofar as it seeks to modify the Subpoena, and **DENIED** to the extent it seeks to quash the Subpoena outright.

**IT IS FURTHER ORDERED** that the Subpoena is **MODIFIED** as follows:

- The Subpoena shall be limited to written discovery.

- The Subpoena is quashed except to the extent Armina maintains possession, custody, or control of any negotiated rates between Plaintiffs' medical providers and private insurers and public-entity payers for the services provided to Plaintiffs during the relevant and agreed upon time period. Armina shall produce those documents, if any, no later than fourteen (14) days after the issuance of this Order.

**So ORDERED and SIGNED this 14th day of August, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE